IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12-CV-423 |
| | ) | |
| 2005 PORSCHE CAYENNE, | ) | |
| VIN WP1AA29PX5LA23190, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on the Government's motion for summary judgment. (Doc. 18.) At issue is a 2005 Porsche Cayenne, VIN WP1AA29PX5LA23190, seized after a traffic stop on November 8, 2011. The Government contends the Porsche was either used or intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance or that it constitutes or was derived from proceeds traceable to unlawful activity. The claimant, Natasha P. Lawrence, contends the vehicle is hers and was bought with money from her savings.

**FACTS**

The proffered evidence establishes the following undisputed facts: On July 20, 2011, Michael Alleyne and Ms. Lawrence went to a car dealership in Maryland where they agreed to buy the Porsche for $20,500 and made a $4000 cash down payment. (Doc. 19-6 at ¶¶ 2-4.) On July 23, 2011, Mr. Alleyne and a woman returned to the dealership and paid the remaining $16,500—$2,000 in cash, $8,000 in a cashier's check in Ms. Lawrence's name, and $6,500 in

either cash or a money order. (*Id.* at ¶ 6.) The car was titled in Ms. Lawrence's name. (Doc. 19-2 at ¶ 9.) After they bought the Porsche, Mr. Alleyne was able to drive it when he wanted. (Doc. 22 at 181-82.)

On November 8, 2011, Mr. Alleyne was driving the Porsche in Davidson County, North Carolina. (*See* Doc. 1 at ¶ 3; Doc. 19-2 at ¶ 5.) Detective Mahan of the Lexington Police Department stopped the vehicle for a suspected window tint violation. (Doc. 19-2 at ¶ 5.) During a lawful search of the vehicle, officers discovered 40 fraudulent American Express checks, 10 fraudulent credit cards, a credit card reader/writer, a stamp embossing machine, two possibly fake driver's licenses, and computer equipment that officers later determined had evidence of credit card fraud. (*Id.* at ¶ 6; Doc. 19-5 at ¶¶ 8-12.) After the Porsche was impounded, officers also discovered a small amount of cocaine in the vehicle. (Doc. 19-2 at ¶ 8.) Based on this evidence, Mr. Alleyne later pled guilty to possession of counterfeit securities, possession of device-making equipment, and attempt to produce one or more counterfeit devices. *United States v. Alleyne*, No. 1:12-CR-199-CCE-1 (M.D.N.C. Dec. 28, 2012).

## PROCEDURAL HISTORY

This action was filed by the Plaintiff United States on April 30, 2012, seeking forfeiture of the Porsche. Ms. Lawrence was served with the Verified Complaint of Forfeiture, Warrant for Arrest, and Legal Notice. (Doc. 4.) She thereafter filed a claim to the defendant property. (Doc. 7.) Ms. Lawrence is the sole claimant to the defendant vehicle. The Government has filed a motion for summary judgment. (Doc. 18.)

## LAW AND ANALYSIS

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to

2

judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the initial burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Rule 56(c)).[1]  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

This same standard applies in civil forfeiture actions:  summary judgment is appropriate when there is no genuine issue of material fact. *See, e.g.*, *United States v. $864,400.00 in U.S. Currency*, No. 1:05CV919, 2009 WL 2171249, at *2 (M.D.N.C. July 20, 2009) ("In essence, the analysis concerns whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." (internal quotation marks omitted)), *aff'd*, 405 F. App'x 717 (4th Cir. 2010); *United States v. $10,000.00 in U.S. Currency*, 348 F. Supp. 2d 612, 615-16 (M.D.N.C. 2004); *United States v. 3714 Cancun Loop*, No. 198CV00011, 2002 WL 1035457, at *3 (M.D.N.C. May 17, 2002), *aff'd*, 50 F. App'x 139 (4th Cir. 2002).

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") requires the Government to demonstrate, by a preponderance of the evidence, that the defendant property is subject to forfeiture.  18 U.S.C. § 983(c)(1) (2006).  To meet its burden, "the Government may use evidence gathered after the filing of a complaint for forfeiture." *Id.* § 983(c)(2).  CAFRA also

---

[1] The language of Rule 56 was amended effective December 1, 2010; however, the substance of the rule did not change and the movant's burden remains the same.

provides that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." *Id.* § 983(d)(1).

"The Government may rely on circumstantial evidence to establish forfeitability," *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010), but "[c]ourts look to the totality of the circumstances to determine whether the Government has met its burden." *$864,400.00 in U.S. Currency*, No. 1:05CV919, 2009 WL 2171249, at *2; *see United States v. Thomas*, 913 F.2d 1111, 1115-17 (4th Cir. 1990). If the Government satisfies its evidentiary burden, the "burden shifts to [the claimant] to show that [s]he is entitled to the Defendant property." *$864,400.00 in U.S. Currency*, 2009 WL 2171249, at *4; *see also United States v. 524 Cheek Road*, 425 F. Supp. 2d 704, 709 (M.D.N.C. 2006). The claimant's burden of proof is also by a preponderance of the evidence. *Id.*

The Government contends the Porsche is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (2006), because it constitutes or was derived from proceeds traceable to "specified unlawful activity" as defined in 18 U.S.C. § 1956 (2006), or a conspiracy to commit such offense.[2] "Specified unlawful activity" means any one of a large variety of offenses including, as in this case, check fraud and/or credit card fraud. *See* 18 U.S.C. §§ 1956(c)(7)(D), 1961(1).

The Government contends that the Porsche constitutes proceeds of illegal activity, relying primarily on the evidence found in the Porsche after Mr. Alleyne was stopped, including

---

[2] The Government also contends the Porsche is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) (2006), in that the vehicle was used or intended to be used in any manner or part to commit or facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* (2006), punishable by more than one year's imprisonment, or constitutes proceeds of the exchange of a controlled substance. The Court finds it unnecessary to address this contention.

extensive evidence of check and credit card fraud. (Doc. 19 at 14-15.) The Government contends that this evidence of criminal activity, when paired with evidence that Ms. Lawrence did not earn or have enough money to pay for the Porsche and Mr. Alleyne's substantial control over the Porsche, sufficiently demonstrates that the Porsche constitutes proceeds of illegal activity. (*Id.* at 14-18.) Ms. Lawrence disputes this, contending that she had no involvement with Mr. Alleyne's illegal activities and that they bought the Porsche with money from her savings. (*See* Doc. 7 at 1; Doc. 28 at 1.)

The Government has met its burden to demonstrate by a preponderance of the evidence that the Porsche constitutes proceeds of Mr. Alleyne's check and/or credit card fraud. The undisputed evidence is that Mr. Alleyne was physically present to produce the money and funds used to buy the Porsche in July 2011. (Doc. 19-6 at ¶¶ 2-6.) Mr. Alleyne exercised control over the Porsche and was stopped in it alone on November 8, 2011. (*See* Doc. 22 at 181-82; Doc. 19-2 at ¶ 5.) The police discovered a trove of evidence in the Porsche sufficient to prove Mr. Alleyne was involved in check and/or credit card fraud, (Doc. 19-2 at ¶¶ 6-8), and Mr. Alleyne later pled guilty to related charges based on this evidence. *Alleyne*, No. 1:12-CR-199-CCE-1. American Express records indicated that Mr. Alleyne's check fraud dates back to 2008, (Doc. 19-2 at ¶ 17), and Mr. Alleyne's computer files indicated credit card fraud activities as early as 2009. (Doc. 19-5 at ¶¶ 10-12.) The Government's analysis of Ms. Lawrence's net worth from 2005 to 2011 indicated that Ms. Lawrence's expenditures and cash withdrawals exceeded her income—both verifiable and unverifiable—and savings. (Doc. 19 at 17, n. 5; Doc. 27 at 1.) There was no indication that Ms. Lawrence had anywhere near $20,500 in savings or otherwise in July 2011. (*See* Doc. 27 at 1; Doc. 27-4 at 1.) Ms. Lawrence has not disputed this net worth

5

analysis or offered any evidence to rebut it. There is no legitimate or verifiable source for the $20,500 spent on the Porsche in July 2011.

Ms. Lawrence's statement that the money for the Porsche came from her savings, without supporting evidence or identification of the source of these alleged savings, does not create a genuine issue of material fact, or satisfy her burden to establish that she is entitled to the property. She has provided no documentation of these alleged savings and has not provided any information as to how she was able to save this much money. As noted *supra*, the Government's undisputed analysis of Ms. Lawrence's finances indicated that she did not have $20,500 at her disposal in July 2011. "'The mere allegation of a highly unlikely legitimate source of income without some support to give the allegation credibility cannot constitute an issue of material fact defeating summary judgment for forfeiture.'" *$10,000 in U.S. Currency*, 348 F. Supp. 2d at 617 (quoting *United States v. Two Parcels of Real Prop.*, 92 F.3d 1123, 1129 (11th Cir. 1996)); *see also United States v. $50,720 in U.S. Currency*, 589 F. Supp. 2d 582, 584 (E.D.N.C. 2008).

The Government has produced undisputed evidence which establishes by a preponderance of the evidence that the Porsche constitutes proceeds of Mr. Alleyne's illegal activity, specifically his check fraud and/or credit card fraud. Ms. Lawrence has not established any defenses to the forfeiture. Therefore, the Government is entitled to summary judgment.

It is **ORDERED** that the Government's Motion for Summary Judgment, (Doc. 18), is **GRANTED**.

This the 23rd day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE

6

Case 1:12-cv-00423-CCE-LPA   Document 29   Filed 10/23/13   Page 6 of 6